# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANA GYAU et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Case No. 18-407<br>) |
| JEFF SESSIONS et al., | )<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION

Plaintiffs Nana Gyau and Elizabeth Toku, a married couple residing in Virginia, ask this Court to undo the United States Custom & Immigration Service's (USCIS) denial of their petition sponsoring Gyau for lawful permanent residency. After considering their Form I-130 and interviewing plaintiffs, USCIS's Washington Field Office denied the petition, crediting evidence that suggested Gyau married Toku to obtain an immigration benefit.

Plaintiffs unsuccessfully appealed to the Board of Immigration Appeals (BIA), and now seek this Court's review under the Administrative Procedure Act, 5 U.S.C. § 702. Pending before the Court is the government's motion either to dismiss for improper venue under Rule 12(b)(3) or to transfer under 28 U.S.C. § 1404(a) to the Eastern District of Virginia. Because the suit could have been—and ought to be—heard in the Eastern District, the Court will grant the government's motion and transfer the case.

I. Analysis

   A. Legal Standard

Deciding a § 1404 motion to transfer is like dancing a Texas two-step: First, could the suit have been brought in the transferee court? And second, should the suit be brought in the transferee court? *See Van Dusen v. Barrack*, 376 U.S. 612, 616-43 (1964).

Answering the former turns on the general venue statute, 28 U.S.C. § 1391. Under § 1391(e), a suit against a United States officer or employee can be brought in any district where a defendant resides, where the underlying claim arose, or—if no real property is involved—where the plaintiff resides. Federal defendants reside "where the[ir] official duties are performed and not the[ir] personal residence." *Lamont v. Haig*, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978).

Answering the latter "calls on district courts to weigh in the balance a number of case-specific factors." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). These prudential factors consider public and private interests. The public interests include the transferee court's familiarity with the governing laws, each court's relative congestion, and the local interest in resolving the controversy. *Elemary v. Philipp Holzmann A.G.*, 533 F. Supp. 2d 144, 149-50 (D.D.C. 2008) (quoting *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996)). The private interests include the plaintiff's preferred forum, the defendant's preferred forum, where the claim arose, and the convenience to the parties, to the witnesses, and to the evidence. *Id.*

   **B. Transfer is warranted since the suit could and should have been brought in the Eastern District of Virginia.**

Because venue properly lies in the Eastern District of Virginia, and because the private and public interests at stake support transfer, the Court will grant plaintiff's motion and transfer the case.

Here, the government easily establishes the suit could have been brought in the Eastern District of Virginia. Defendants Kimberly Zanotti and Sarah Taylor (the Field Office Director and the District Director of USCIS's Washington field office) work in Fairfax, Virginia and thus reside in the Eastern District of Virginia for venue purposes. What is more, the events giving rise to plaintiffs' claim—the adjudication of their I-130 petition and subsequent appeal to the BIA— took place within the Eastern District of Virginia in Fairfax and in Falls Church. And finally, the suit does not involve real property, and both Gyau and Toku reside within the Eastern District's borders in Alexandria.

Additionally, balancing the prudential factors favors transfer. To be sure, the first two public interests implicated by transfer (the transferee court's familiarity with the governing laws, and each court's relative congestion) favor neither side: "this case involves the application of federal law, with which this Court and the Eastern District of Virginia are equally familiar, and the parties have presented the Court with no evidence regarding the relative congestion of the respective courts." *Al-Ahmed v. Chertoff*, 564 F. Supp. 2d 16, 20 (D.D.C. 2008). But the third public interest—the transferee court's interest in resolving the controversy—supports transfer since courts have "a local interest in having localized controversies decided at home," *Adams v. Bell*, 711 F.2d 161, 167 (D.C. Cir. 1983), an interest which extends "to controversies requiring judicial review of an administrative decision." *Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 70 (D.D.C. 2003).

Three private interests add more weight. Of course, although plaintiffs prefer the District of Columbia, the government prefers the Eastern District of Virginia. And though courts usually defer to the plaintiff's forum choice, they need not "when the forum preferred by the plaintiff is not his home forum, and the defendant prefers the plaintiff's home forum." *Ngonga v. Sessions*,

318 F. Supp. 3d 270, 275 (D.D.C. 2018); *see also id.* ("[D]eference is not always warranted where the plaintiff's choice of forum has no meaningful ties to the controversy, and where transfer is sought to a forum with which plaintiffs have substantial ties and where the subject matter of the lawsuit is connected."). So too here, where plaintiffs reside in the Eastern District of Virginia, the government prefers the Eastern District, and plaintiffs' claim arose in the Eastern District, but they filed their suit in the District of Columbia. Moreover, to determine where the claim arose "in cases brought under the APA, courts generally focus on where the decisionmaking process occurred"—here, the Eastern District of Virginia, where USCIS interviewed plaintiffs, adjudicated their petition, and denied their appeal. Even crediting plaintiffs' claim that the Attorney General, the Secretary of Homeland Security, and the USCIS Director played some nominal role as the heads of the agencies that denied plaintiffs' petition, Br. at 5, "attenuated or insignificant involvement by an official in the District of Columbia does not support venue here." *Aftab v. Gonzales*, 597 F. Supp. 2d 76, 82 (D.D.C. 2009). The last three convenience-related private interests are a wash: "[t]he geographic distance between the Eastern District of Virginia's courthouse in Alexandria and the District of Columbia is small and it is unlikely that a transfer would materially affect the convenience of the parties or witnesses, or the ability to obtain sources of proof." *Montgomery v. STG Intern., Inc.*, 532 F. Supp. 2d 29, 34 (D.D.C. 2008).

Since three private interests and one public interest favor transfer, and the remaining five are in equipoise, balancing the prudential factors counsels transfer.

And not for nothing, this result comports with other decisions in this district, *Ngonga*, 318 F. Supp. 3d 270, *Pearson v. Rodriguez*, 174 F. Supp. 3d 210 (D.D.C. 2016), and with the Court of Appeals's command to "guard against the danger that a plaintiff might . . . . nam[e] high

4

government officials as defendants . . . [to] bring a suit here that properly should be pursued elsewhere." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).

## II. Conclusion

Transfer under § 1404(a) is warranted: Gyau could and should have sued in the Eastern District of Virginia. The Court grants the government's motion and transfers the case. A separate order will issue.

Date: October 12, 2018

Royce C. Lamberth
United States District Judge